## COX, BRAINARD & CO. *vs.* KEAHEY.

[ACTION AGAINST OWNERS OF STEAMBOAT FOR NEGLIGENCE.]

1. *Liability of master for willful act of servant.*—The owners of a steamboat are not liable for damages resulting from a collision caused by the willful act of their servants and agents in charge of the boat.

Cox, Brainard & Co. v. Keahey.

Appeal from the City Court of Mobile. Tried before the Hon. Alex. McKinstry.

This action was brought by George W. Keahey, against Cox, Brainard & Co., to recover $800, as the complaint alleged, "for damages done to plaintiff, by collision with, and running into a raft of spars and staves, belonging to plaintiff, by the steamboat *Sallie Carson*, the property of defendants, in the month of December, 1857; such collision being produced by the negligence, want of care, and want of skill of the defendants' servants, then and there having the charge and management of said steamboat." The defendants pleaded not guilty. "On the trial," as the bill of exceptions states, "the plaintiff proved that, in December, 1857, a raft of spars, belonging to him, was floating down the Tombigbee river, with several hands on board, when it was run into by the steamboat *Sallie Carson*, which was coming up the river; that seven or eight of the spars, the value of which was proved, were lost by the collision; that said steamboat belonged to the defendants at that time; that the collision occurred in the morning, soon after sunrise; that the raft was in its proper place, about the middle of the river, with ample room on either side for the steamboat to pass without touching it; that the steamboat hove in sight several minutes before the collision, and, when first seen, was some two or three hundred yards distant from the raft; that she did not ring her bells to stop her engines, or check her speed, until she was on the raft; that she was hailed by the persons on the raft to keep off; that she struck the raft with great violence, and did not stop, after the collision, to inquire what damage had been done. One of the plaintiff's witnesses was asked, on cross-examination, if the collision was caused by the willful act of the officers in charge of the steamboat; and answered, that he did not know, but it seemed so to him. After the court had given its main charge to the jury, the defendants' counsel asked the court to instruct the jury, that the defendants, as owners of the steamboat, were not liable, if the collision was willfully caused by the acts of

their agents or servants. The court refused this charge, and instructed the jury, that the defendants were liable, although the collision was intentionally caused by those in charge of the steamboat." The refusal of the charge asked, and the charge given, to each of which the defendants excepted, are now asigned as error.

GEO. N. STEWART, for appellants.—In the matter of the instructions to the jury, the court erred in two respects. In the first place, the complaint alleging only a liability arising from the negligence of the defendants' servants, a recovery could not be had on proof of a willful act, on account of the variance. In the second place, if the complaint had alleged the willful act as the cause of the damage, no recovery could have been had, because the master is not responsible for the willful torts of his servants.—Edwards on Bailments, 318–19; Story on Agency, § 456; Wright v. Wilcox, 19 Wendell, 343; 2 Kent's Com. 283–4; Gordon v. Rolt, 4 Exch. 365; Sharrod v. Railway Co., ib. 580; 24 Conn. 40; McManus v. Crickett, 1 East, 106; Richmond Turnpike Co. v. Vanderbilt, 1 Hill's (N. Y.) R. 480; Redfield on Railroads, 384, 381, 365; Lindsay v. Griffin, 22 Ala. 629; Blackburn v. Baker, 1 Ala. 173.

MANNING & WALKER, contra.—1. The defendants, as owners of the steamboat, are liable for damages sustained by the collision, although it may have resulted from the willful act of the pilot, if he was acting at the time in the situation in which they had placed him, and in the course of a voyage which he was making in their service. Phila. & Reading Railroad Co. v. Derby, 14 How. (U. S.) 468, 486; Sleath v. Wilson, 9 C. & P. 607; Vicksburg & Jackson Railroad Co. v. Patton, 31 Miss. 156, 197; Railroad Co. v. Keary, 3 Ohio St. 201–9; Redfield on Railroads, 281, note; Joel v. Morrison, 6 C. & P. 501.

2. If the general rule be as contended by appellants, high reasons of public policy require that an exception should be made as to railroad and steamboat companies, who enjoy a monopoly of trade, whose servants are en-

trusted with a most powerful and dangerous agent, and who might entirely escape liability by the employment of reckless and insolvent persons.

3. The charge asked was abstract.

STONE, J.—In the leading case of McManus v. Crickett, (1 East, 106,) Lord Kenyon reviewed the earlier decisions, and, among other things, declared, that "if I command my servant to distrain, and he ride on the distress, he shall be punished, not I." "When a servant quits sight of the object for which he is employed, and, without having in view his master's orders, pursues that which his own malice suggests, he no longer acts in pursuance of the authority given him, and his master will not be answerable for such act."

This case has been regarded as an authority for the following propositions: 1st. When the servant is in the performance of his master's orders, or authorized acts, and, in the doing thereof, conducts himself so negligently or unskillfully that injury results to another or his goods, then the doctrine of *respondeat superior* applies; and the master will be liable in an action on the case. 2d. That for the acts of the agent or servant, willfully and intentionally done, without the command or authorization of the master, the servant is liable, and the master is not.

These principles are asserted in the following authorities: Story on Agency, § 456; 2 Kent's Com. m. pp. 259, 260; Addison on Contracts, 635; 1 Smith's Lead. Cases, (notes by H. & W.,) 560; Foster v. Essex Bank, 17 Mass. 479; Edw. on Bailments, 318–9; Angell on Carriers, §§ 541, 604; Wright v. Wilcox, 19 Wend. 343; Richmond Turnpike v. Vanderbilt, 1 Hill's (N. Y.) R. 480; Hibbard v. N. Y. & Erie R. R. Co., 1 Smith's (N. Y.) R. 455, 467; Tuller v. Voght, 13 Ill. 277; Moore v. Sanborne, 2 Mich. 519; McCoy v. McKowen, 26 Miss. 487; Ingram v. Atkinson, 4 Texas, 270; Croft v. Alison, 4 B. & Ald. 590.

The principles declared in McManus v. Crickett, *supra*, have been several times recognized, and, in some cases, made the basis of decision in this court.—Blackburn v. Baker, 1 Ala. 173; Lindsay v. Griffin, 22 Ala. 629; Walker v. Bolling, *ib.* 294; Kirksey v. Jones, 7 Ala. 622.

Influenced by these decisions, we feel it our duty to ad-
here to the rule, and to reverse this case on the charge
refused by the court.

There was, at least, some evidence tending to show that
the injury was caused by the willful act of those in charge
of the steamboat; and it was the right of the defendants
to have it passed on by the jury.—Hopper v. Ashley,
15 Ala. 457; Ala. & Tenn. R. R. v. Kidd, 29 Ala. 221, 227.

Several distinctions, in cases of master and servant,
have been taken, some of which appear to us to be un-
sound. We will not consider them in this opinion, as
they are not necessary to a correct decision of this case.
None of them materially unsettle the great distinction,
ruled in McManus v. Crickett, between those injuries
which are the direct result of intentional or willful fault
on the part of the servant, and those which result from
his mere carelessness, or want of skill. It seems to be
well settled, that if the servant be in the performance of
a duty entrusted to him, and, from a want of either skill
or diligence, injure another, it will not excuse the master
or employer, even if the servant, in the matter complaind
of, was acting contrary to instructions. Trusting the ser-
vant in the given case, is an assumption by the master
of all responsibility which results from negligence or want
of skill in the servant. But this rule does not apply,
when the servant actually wills and intends the injury, or
steps aside from the purpose of the agency committed to
him, and inflicts an independent wrong. Thus, if an
officer, having the control and direction of a steam-engine
committed to him, willfully and intentionally perverts its
immense power to the damage of others, he alone is re-
sponsible; unless, perhaps, in case of want of skill, or
known recklessness of the servant, a question may arise
as to the liability of one who employs such reckless or un-
skillful servant. On the other hand, for all damage which
is the result (not intended by the officer in charge) of his
want of skill, carelessness, or even recklessness, the doc-
trine is, *respondeat superior*.

In the following cases, no question was raised or con-
sidered as to the responsibility of the master for willful

or intentional torts committed by the servant. The question was, whether or not the master was liable for injuries caused by the recklessness or unskillfulness of the servant, in cases in which the servant, though not intending injury, had nevertheless disregarded the instructions of the master, or even gone against orders. Such disregard of orders will not excuse the master, unless the servant go further and intend or will the wrong done.—Phila. and Read. R. R. v. Derby, 14 How. (U. S.) 465, 484–7; Sleath v. Wilson, 9 C. & P. 607; Joel v. Morrison, 6 C. & P. 501; Smith on Mas. and Serv. 151–2; Vicks. and Jack. R. R. v. Patton, 31 Miss. 156, 196–7; Redfield on Railways, 380, 381; Parsons on Contracts, 86–7; Reeves' Dom. Rel. 358; Railroad Co. v. Keary, 3 Ohio St. R. 201, 206–7. See also the following authorities; Echols v. Todd, 20 Texas, 190; Mills v. Ashe, 16 Texas, 295; Henderson v. Railroad Co., 17 Tex. 560; Luttrell v. Hayne, 3 Sneed, 20; Duggins v. Watson, 15 Barber (Ark.) 118; Jones v. Glass, 13 Ired. 305; Lowry v. Ingram, 6 Mees. & Wels. 302; Hegeman v. Western R. R. Co., 16 Barb. (Sup. Ct.) 353.

What we have said above is not intended to impair the liabilities of common carriers.

Whether some of the principles ruled in the case of McManus v. Crickett, *supra*, should not be changed, so as to accommodate the relation of master and servant to the very useful, yet terrible motive agent, steam, is a question not for us, but for the legislature.

Reversed and remanded.