## BARWICK *vs.* RACKLEY ET AL.

[TROVER AGAINST ADMINISTRATOR FOR SALE OF PROPERTY EXEMPTED FOR USE OF THE FAMILY.]

1. *Property exempted from administration; when may be sold by administrator.*—The property of a decedent exempted from administration by section 2061, Revised Code, may be sold by the administrator for the benefit of the family, if not needed for their use. But if he sell it without the consent of the family, he is liable for its conversion.

2. *Same; when widow estopped from suing for.*—The consent of the widow to the sale of such property, in consideration of an invalid agreement with the administrator, is no consent. But a sale at her request estops her from suing for the conversion.

3. *Same; power of widow to sell.*—The widow, when she is the head of the family, may sell such property, and if the family is to be dispersed she may sell her interest in it without regard to whether it has been set apart or not.

4. *Same; when guardian liable for conversion of.*—The guardian of an infant member of the family is liable for a conversion, if he sells the child's interest in the property. *Secus,* if the child be withdrawn from the family.

5. *Inventory, &c., of administrator; when not inadmissible as evidence.*—The inventory and sale bills of an administrator are not inadmissible as evidence, because they were made during the late civil war.

APPEAL from Circuit Court of Henry.

Tried before Hon. J. McCALEB WILEY.

The appellees, Margaret Rackley, formerly widow of James G. Barwick, deceased, in her own right, and G. W. Rackley, as next friend of James R. Barwick, minor child of said deceased, brought this action against Reddin Barwick, the appellant, to recover damages for the conversion by him of certain personal property of said deceased, which they claimed was exempt from administration and sale, for the use of the family.

On the trial it was proved that appellant was administrator of James G. Barwick, who died about 1862, in Henry county, leaving a widow, one of the appellees, since married, and a son (still an infant) by a former wife; that ap-

Barwick v. Rackley et al.

pellant, as such administrator, sold all the exempt personal property of his intestate, as well as that not exempt. Appellees, on the trial, offered to introduce as evidence the inventory and bill of sale of said personal property, returned by said administrator, in 1863, to the probate court of Henry county, to which appellant objected, on the ground that the "probate court of Henry county was an illegal court, and its records, orders, &c., void." The objection was overruled and the inventory, &c., introduced, to which appellant excepted. There was also evidence on the part of appellees tending to show the value of the exempted property sold, and that Mrs. Rackley consented to the sale thereof, under an agreement with the appellant that "all the property, personal and real, of decedent should be sold by him, and one-half the proceeds paid by him to her, should the court allow it."

On the part of appellant, it was proved that he paid "Mrs. Barwick one-half of the net proceeds of sale of the personal property belonging to the estate of his intestate, and took her receipt therefor; that the settlement was made in the probate court;" that appellant, as guardian of the infant appellee, bought the dower interest of the widow in the lands of decedent; that she was present at the sale of the personal property, made no objections to it, and bought several articles, and was of age. There was evidence on the part of appellant tending to show that the widow refused to remain on the place, and take charge of and use the exempted personal property of the decedent's estate, but urged and solicited appellant to sell the same and give her in money her portion; that appellant never agreed to give the widow one-half of the proceeds of the sale of 'the land belonging to the estate of said decedent, but only "such part thereof as the law would allow her." Appellant offered to read in evidence to the jury the depositions of two witnesses about conversations had between the widow and administrator, to which the appellees objected, on the ground that "neither of the witnesses testified that he remembered all of the conversations had at any time between the plaintiff and the defendant. These

witnesses, in their depositions, state in substance that they did hear all the particular conversation about which they testified, but did not hear all the different conversations between Mrs. Rackley and the administrator. The court sustained the objection and ruled out the depositions, to which the appellant excepted.

The court charged the jury, "that if there was a child of deceased, then the widow had no right to sell, until the property exempt by law has been set apart to the widow, and if so sold by her direction or consent, said sale was void, and she can recover in this suit," to which appellant excepted.

Appellant asked the court to charge the jury, "that if they believe, from the evidence, that Mrs. Rackley, the plaintiff, was a joint owner of the property mentioned in complaint with her co-plaintiff, and consented that defendant should sell the said property, then so far as her interest therein is concerned they must find for the defendant."

2. "That if they believe, from the evidence, that Mrs. Rackley was a joint owner with the other plaintiff in the property sued for, then her right and interest therein was absolute, and she had a right to sell or dispose of her interest therein, that if they believed, from the evidence, she sold or consented to the sale of said property, and the same was sold and she received her portion of the proceeds of said sale from the defendant, she can not recover of the defendant her interest originally owned therein.

3. "That if they believe, from the evidence, that the property sued for was sold by the defendant as administrator of James G. Barwick, deceased, and the plaintiff, Mrs. Rackley, being present and consenting to the sale, and that afterwards the said defendant, as said administrator, reported and charged himself with the proceeds of said sale, and that said Mrs. Rackley was a party to said settlement, and received her part or portion of proceeds of sale of said property from the defendant, the said Mrs. Rackley is estopped from recovering for the said interest in this suit.

4. That if they believe, from the evidence, that defendant was and is the guardian of James R. Barwick, the minor

Barwick v. Rackley et al.

plaintiff, and has accounted as said guardian in his settlement for the proceeds of said sale, to the extent of the interest of said James R. Barwick therein, then the said minor plaintiff can not recover for said interest in this suit."

Each of which charges the court refused, and to each refusal appellant excepted. There was a verdict and judgment against the defendant, and hence this appeal.

The errors assigned are—

1st. Overruling the objection by appellant to the introduction of the records of the probate court of Henry county.

2d. Sustaining objection by appellees to the depositions offered to be read to the jury by appellant.

3d. The charge given by the court.

4th. Refusal to give the four charges asked by appellant.

J. A. CLENDENNIN, for appellant.—The court erred in suppressing the depositions. The witnesses testify to what they heard, and heard substantially all the conversations about which they testified. Even if they did not, it could only affect the weight of testimony, not the competency of the witnesses.

The charge given for the appellee was certainly erroneous. The widow had the right to make the selection both for herself and the child, as the head of the family. It became absolutely the property of the widow and child upon the selection being made, and authorized her to take charge of it, and the law imposes no restriction upon her right to sell or dispose of it, or any part thereof. Her direction and request to the administrator to make the sale of the exempt property, was equal to a selection. The selection is purely a matter with her and the administrator ; no form of law for it is prescribed. Under the law the minor was entitled to half of the exempt property when leaving the family. The horse, wagon, and many other articles, could not be divided without a sale thereof. The statute prescribes no particular form or proceeding for the

Barwick v. Rackley et al.

sale for division. It was not void. The widow and minor were each entitled to one-half of the property which was not exempt to them. The sale was a public sale, the adult plaintiff present and purchasing such articles as she wanted. It does not place her in an enviable attitude to undertake a recovery of the appellant, when her own evidence shows that she received her part of the proceeds of sale. Her mouth is forever closed.—*Morris v. Hall*, 41 Ala. 536, 4th section of opinion.

The appellant was also guardian of the minor plaintiff, and his grandfather. The sale of the minor's interest in the property was not necessarily void. It is a general principle, that when personal property comes into the hands of his ward, other than money at interest, the guardian should sell it and put the money at interest. Tyler on Infancy, 262.

The guardian (or appellant) is responsible to the ward on settlement with him, if he has converted his property, or any part, illegally, and the probate court is the forum in which he is liable and should account.

W. C. OATES, *contra*.—The objection to the admission of the probate court records was overruled, and appellant excepted. A specific objection having been made to this testimony, none other can be considered by this court, for he thereby waived all other objections.—*Brown v. Johnson*, 42 Ala.

The probate court of Henry county, in the years 1862 and 1863, although presided over by a rebel judge, was a lawful court for the purpose of granting administration and ordering appraisement of property, receiving and recording inventories, &c.—*Texas v. White et al.*, 7 Wall. 700.

2. The court below did not err in excluding the depositions of the witnesses, Margaret Barwick and Susan E. Lisenby, on the objection of the appellees. The depositions were offered generally as evidence in the cause. One of the appellees (plaintiffs in the court below) was a minor, incapable of consenting to the sale, or of making any admission which was binding upon him. The depositions

of these witnesses only proved the declarations or admissions of the adult plaintiff, and did not show that her co-plaintiff, had he been *sui juris,* was present, or heard, or otherwise knew of her declarations. The depositions were offered, as shown by the bill of exceptions, against both plaintiffs. Such evidence was certainly illegal and inadmissible against James R. Barwick. Where testimony is offered as a whole, a part of which is illegal as offered, it is not error in the court to exclude it.— *West & West v. Kelly's Ex'rs,* 19 Ala. 353 ; *Smith v. Wooding,* 20 Ala. 324 ; *Pritchett v. Munroe,* 22 Ala. 501 ; *Gibson v. Hatchett,* 24 Ala. 201 ; 27 Ala. 216 ; 28 Ala. 704.

The rule in regard to proving the declarations or admissions of a party against him is, that " the whole of what he said at the same time, and relating to the same subject, must be given in evidence," because " the whole admission is to be taken together ;" hence, to receive a part only would be to destroy the reason of the rule and violate the law.—1 Greenl. Ev. § 201, p. 282 ; *Wilson v. Calvert,* 8 Ala. 757.

3. The court below charged the jury that the sale by appellant, as administrator, of the articles exempt for the use of the family of his intestate, was void, and that such sale did not estop the widow from recovering in this action. We have already shown that a void sale or order of sale can not estop Mrs. Rackley, and that there is no estoppel of her by matters *in pais.* Then why is not the charge of the court free from error ? The articles of property exempt from sale by an executor or administrator vests in each member of the family of the decedent, widow and children, absolutely.—Rev. Code, § 2061 ; subd. 6 of § 2062. The widow could not consent to a sale of the entire property, for the child was invested by law with an equal interest. The evidence of the witness Truett shows that the widow's distressed condition of mind was such that she was incapable of making a judicious or prudent contract, and perhaps incapable of making even a valid contract for any purpose, at the time he saw her. Her consent to the sale could not change the public policy of

the State as declared by the statutes above cited. The probate court, by her consent to the sale, acquired no authority whatever to order the sale of the exempt property, which it did, as shown by appellant, who swears that he sold under the order of the court. Consent can not confer jurisdiction, and hence .the order of the court to sell, and the sale made under it of the exempt property, are, as the court instructed the jury to regard them, utterly void. *Carter v. Hinkle*, 13 Ala. 529.

The theory of the defense in the court below, and in this court, was, and is, that the sale of the exempt property was made by the appellant by virtue of an agreement previously entered into with the widow of his intestate. Was the sale in fact made under this authority and power, or not? It is clearly demonstrated that it was not. It was made under the order of the probate court. Obtaining the order of sale from the court, the report of the sale by appellant under oath to the court, and his own testimony on the trial, show that he sold under an order of the court. He says in his testimony, that " at the request and solicitation of adult plaintiff he sold at public outcry, under an order of the probate court, all the personal property of the deceased, except a few things which the widow had taken for her use." If the sale was made under the order of the court, then it can derive no support and no validity from any other power or authority, for " the law is unvarying and unbending, that no support is given to a sale by a power, when it is plain that the sale was made without reference to the power.—*Ala. Conf. M. E. Church South v. Price, ex'r*, 42 Ala., and authorities therein cited on page 50.

4. The fourth charge which appellant asked the court below to give to the jury was properly refused, for the reason that the same was abstract. There was evidence before the jury that appellant was the legal guardian of James R. Barwick, the minor plaintiff, but there was not one *cintilla* of evidence that appellant, as such guardian, had ever charged himself with anything whatever belonging to his ward.

Barwick v. Rackley et al.

A charge is abstract when partly based on facts of which there is no evidence.—*Garrett v. Holloway & Malone*, 24 Ala. 376.

B. F. SAFFOLD, J.—The appellees sued the appellant for the conversion of certain property belonging to the estate of which he was the administrator, claiming that it was exempt from administration for their use as the family of the intestate. He defended on the ground that the sale of the articles was made at the request of the widow, and that he had accounted to her and the infant distributee for the proceeds. The judgment was for the plaintiffs.

The articles of personal property enumerated in section 2061 of Revised Code, are not subject to administration when the deceased leaves a widow, or a child or children under the age of twenty-one years, as was the case in this instance, but they belong to the family in common for their use and consumption. They are subject to division, however, if any member should leave the family.—Rev. Code, § 2062.

If the family should not need them, it would be highly proper for the administrator to take charge of them, and sell them for the use of those entitled to them. In such case he would be chargeable with their value as administrator, because as far as he is, or may be, concerned about them, they are the property of the estate. His accountability would be to those for whose use they were intended. If he made a disposition of them unauthorized by the parties, or by the circumstances, he would be liable for a conversion.

If Mrs. Rackley consented to the sale of the property in consideration of an agreement with the administrator that she should have one-half of the proceeds of the sale of the real and personal property of the estate, or of any greater interest than she was by law entitled to have, such an agreement was void, because beyond the power of the parties to make. There was no consent. But if the sale was made at her request, or by her permission, not based

' 27

on any invalid consideration, she is estopped by her consent.

There is no law prohibiting the widow, when she is the head of the family, from selling the exempted property. But if she is not the mother of the minor child or children, as in this case, and does not propose to keep the family together, she can only sell her own interest. In either case her right to sell may be exercised, whether the property has been set apart or not.

The guardian of a minor child would have no right to sell his proportion of the excepted property unless the child was withdrawn from the family, and if he did so, he would be liable as for a conversion.

That portion of the charge of the court which was excepted to was erroneous. The first three charges asked by the defendant ought to have been given, but the fourth was properly refused.

The objection to the introduction of the inventory and sale return of the defendant as administrator, was correctly overruled. They gave evidence touching many things necessary to be proved by the plaintiffs, such as the existence of the articles, the ownership of them, some indication of their value, the disposition made of them, and by whom, &c.—admissions of the defendant, no matter under what circumstances made.

The depositions of Martha Barwick and Susan Lisenby ought not to have been excluded. They did say they heard all the conversation at a particular time, though not all of the many conversations on the subject. It would be difficult for a witness to remember all that he had heard in any conversation. It was not an objection to its competency that this testimony tended to defeat the right of one of the plaintiffs to recover.

The judgment is reversed, and the cause remanded.