# Prickett & Maddox *v.* Sibert, Adm'r.

*Bill in Equity to enforce Vendor's Lien.*

1.   *When amendment to bill in equity properly allowed.*—To an original bill, filed by an assignee of a note given for unpaid balance of the purchase-money for land, for the purpose of enforcing a vendor's lien, alleging that the note was transferred by delivery merely, an amendment, striking out this allegation, and inserting in lieu thereof an averment, that the note was transferred by indorsement, is properly allowed.

2.   *Declarations or admissions; when they operate as estoppels.*—Declarations or admissions, deliberately made, are conclusive upon the party making them, in all controversies involving their truth, between him and the person whose conduct he has knowingly influenced by them; and it is not of importance, whether the declaration or admission is made innocently or fraudulently, or whether, in point of fact, it is true or false; it is the fact, that another has been induced to act on it, and must suffer injury if its truth is gainsaid, that renders it conclusive.

3.   *When recitals in note conclusive on maker.*—Where a recital is purposely embodied in a promissory note by the parties, to the effect that the note was given for the purchase-money of a designated tract of land sold and conveyed by the payee to the maker, in order that the payee might thereby be enabled to transfer the note in payment of a debt which he owed, and, on the faith of such recital, the creditor of the payee receives a transfer of the note in payment of his debt, the maker and those claiming the lands under him are thereby estopped from denying that the note was given for the purchase-money of the land.

4.   *Enforcement of lien on lands which have been successively sold to different parties; rule as to.*—While it is a general rule, that, if lands subject to a vendor's lien or other incumbrance have been successively sold in different parcels to different persons, a court of equity, in decreeing a sale of the lands for the satisfaction of the lien or incumbrance, will pursue the inverse order of alienation, first, however, charging such of the lands as the vendee may retain, if he retains any, this is an equity of the purchasers, and must be claimed and asserted by them; and if not claimed and asserted, it is not obligatory upon the court, unless the rights of infants, or others not *sui juris* are involved, to mould its decree so that the equity will be enforced.

5.   *When questions not made in primary court, not considered on ap-*

*peal.*—The practice is well settled, that questions, not jurisdictional, which are not made in the primary court, will not be considered on appeal by this court.

6. *Judgment on note given for purchase-money of land ; evidence of the debt.*—Where a judgment at law is obtained on a promissory note given for the purchase-money of land, in stating an account of the amount due, on a bill filed to enforce a vendor's lien, interest should be computed on the judgment, and not on the note; the judgment being conclusive, as between the parties and their privies, that at the time of its rendition, the amount for which it was rendered was justly due from the defendant to the plaintiff.

APPEAL from Etowah Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 2d September, 1879, and, as originally exhibited, it was a bill by O. W. Ward against W. P. Prickett, Rebecca Maddox, as the executrix of the last will and testament of J. W. Maddox, deceased, and C. B. Maddox and others, the heirs and devisees of said decedent, seeking to enforce a vendor's lien on land for an unpaid balance of purchase-money. It is averred, in substance, that on 26th October, 1872, one John P. Ralls sold and conveyed a designated tract of land in Etowah county to the said J. W. Maddox, partly for cash, and partly on a credit, and took from Maddox his three promissory notes for that part of the purchase-money which was not paid in cash, one of which was for $1100, and payable to said Ralls or bearer on 25th December, 1872, "with interest from 25th December, 1871," and in which the consideration is recited ; that "some time after the execution of the said notes, the said Ralls transferred, *by delivery*, in due course of trade, for a valuable consideration, the said note for $1100 to Hollignsworth & Ward," by whom it was afterwards transferred to the complainant; that Ward brought suit on said note against J. W. Maddox, and, on 27th March, 1874, recovered a judgment thereon for $1493.13, on which payments were afterwards made as follows : $800 on 28th October, 1874, and $150 on 11th May, 1877 ; that, in May, 1876, said Maddox died, leaving a last will and testament, which was duly admitted to probate, and by which devises of portions of the lands purchased from Ralls were made to some of his children ; that prior to his death, in 1874, said Maddox sold and conveyed to said Prickett another part of said lands, as to which the complainant released his lien as vendor ; that on the probate of the will, Rebecca Maddox was appointed executrix, and afterwards she sold two other parcels of said lands, one to said Prickett and C. B. Maddox, and the other to C. B. Maddox alone, neither of which had been paid for, and no deed thereto had been executed ; and that the other two notes given by said testator to Ralls had been fully paid. Said Ward having died

after the filing of the bill, the cause was revived in the name of W. J. Sibert, as the administrator of his estate.

Decrees *pro confesso* were taken against all the defendants except W. P. Prickett and C. B. Maddox, who, a demurrer interposed by them to the bill having been overruled, filed a joint answer. In their answer they deny the allegations of the bill touching the sale made by Ralls to Maddox, and aver that, said lands were purchased at two different times, under two separate and distinct contracts, one made in September, 1870, and the other, on 26th October, 1872, although they were conveyed in one deed ; that the part of the lands covered by the first purchase, including, it seems, the land purchased by said defendants from said executrix, or a portion thereof, had been fully paid for ; and that, in substance, if the note transferred to Ward was given for the purchase-money of any of the lands described in the bill, it was given for the purchase-money of the lands embraced in the second purchase. The lands embraced in each purchase are particularly described, and averments are made purporting to give the details of the transactions. It is also denied that the complainant has a lien on any of said lands for the payment of said judgment, or the note merged therein.

As the evidence tended to show, John P. Ralls sold to J. W. Maddox part of said lands in the latter part of the year 1870, and the balance thereof, in the summer or fall of 1871 ; and, on 26th October, 1872, he executed a deed conveying to said Maddox all of said lands. At the time of the second sale, there was still unpaid on the lands first sold the sum of $1100. John P. Ralls, the only witness examined in the cause, testified that the note was transferred by him to Hollingsworth & Ward by delivery merely, and without indorsement. The other facts disclosed by the evidence, touching the execution and transfer of said note, are sufficiently stated in the opinion.

At the August term, 1881, of said court, on a submission of the cause on pleadings and proof, a decree was entered granting the complainant relief. From that decree an appeal was prosecuted by the defendants to this court; and on that appeal, the decree then rendered was reversed and the cause remanded. See *Prickett & Maddox v. Sibert, Admr.*, 71 Ala. 194. After the remandment of the cause, the complainant was allowed to amend the bill, against the defendants' objection, by striking out the averment, that the note was transferred by delivery, and by inserting in lieu thereof an averment, that the note was transferred by indorsement. On the application to amend, it was shown that, when the original bill was filed, and Ralls was examined as a witness, the note was mislaid, but that it had since been found, and on it was the indorsement of Ralls.

[Prickett & Maddox v. Sibert, Adm'r.]

To the bill, as amended, the defendants demurred; but their demurrer was overruled. The cause was then submitted for final decree on pleadings and proof, and on agreement of counsel. In the agreement was an admission, that Ralls transferred the note to Hollingsworth & Ward by indorsement. On this submission, the chancellor caused a decree to be entered, ascertaining and decreeing the amount due the complainant to be $1167.09, declaring a lien on all the lands described in the bill for the payment of said amount, and ordering said lands sold in satisfaction of such lien, after a designated time allowed the defendants, in which they might pay the amount decreed against them.

The errors here assigned are based on the rulings of the chancery court in allowing the last amendment to the bill, in overruling the demurrer to the bill as amended, and on the final decree.

DENSON & DISQUE and WATTS & SON, for appellants.

AIKEN & MARTIN, contra.

BRICKELL, C. J.—1. There was no error in allowing the amendment of the original bill, by striking out the allegation, that the note was by the payee transferred by delivery, and the insertion of an allegation, corresponding to the facts, that it was transferred by indorsement in writing, involving the payee and maker in liability for its ultimate payment. Whether the original bill contained equity; whether it presented a case of which the court could take cognizance, entitling the complainant to relief, is not a material inquiry. If it did not, supplying or correcting its deficiencies was the proper office of an amendment. As has been often decided, the amendment of bills, correcting errors of omission or commission, is matter of right, co-extensive with the error, unless an entirely new case is made, or there is a radical departure from the cause of action stated in the original bill, or unless it is proposed to work an entire change of parties, plaintiff or defendant.—*King v. Avery*, 37 Ala. 169; *Moore v. Alvis*, 54 Ala. 356; *Pitts v. Powledge*, 56 Ala. 147.

2. Whether there were two sales of lands, and whether the note was given for the purchase-money of the lands, the subject of the first or of the second sale, is not now matter open for contestation, or which, whatever may have been the actual fact, can affect the rights of the parties. The note was given with full knowledge by the maker, that the purpose of the payee was its transfer to Hollingsworth & Ward. It was made for the precise amount that the payee was owing them, and to

enable him to transfer it in payment of the debt. The maker also knew that the inducement moving them to accept the transfer was the representation, that the consideration of the note was the purchase-money of the entire tract or body of lands, bound by the lien of the vendor for its payment. In assurance of the fact, and of the truth of the representation, on its face the note recites, as its consideration, the purchase of the lands, and the conveyance of them by deed of even date with it. If before accepting the transfer, Hollingsworth & Ward, informing the maker that they were negotiating it, had inquired of him as to the consideration of the note, and he had made the statements which are embodied upon its face, there would be no doubt that he could not subsequently deny or contradict them, in a controversy with the transferees, or their privies, claiming to enforce a lien on the lands for its payment. Declarations or admissions, deliberately made, are conclusive upon the parties making them, in all controversies involving their truth between him and the person whose conduct he may knowingly influence by them. It is not of importance, whether the declaration or admission is made innocently or fraudulently; whether in point of fact it is true or false; it is the fact, that another has been induced to act on it, and must suffer injury if its truth is gainsaid, that renders it conclusive.—1 Brick. Dig. 796, § 10. That the note was made the medium of communicating the assertion or representation of the fact and character of its consideration, can not vary the application of this principle. The representation was made in that form, not only that of it there should be permanent evidence, but also for the purpose of communicating it to the transferees, and to induce them to accept the transfer. It is of the same conclusive force that it would have been if communicated directly in answer to an inquiry by them, made before accepting the transfer.

3. The general rule is indisputable, that if lands are subject to mortgage, or to the lien of the vendor for the payment of the purchase-money, or to other paramount incumbrance, and are sold successively in different parcels to different persons, a court of equity, in decreeing a sale of them for the satisfaction of the mortgage, or the lien of the vendor, or in charging them with the incumbrance, will pursue the inverse order of alienation, first, however, charging such of the lands as the vendee may retain, if he retains a part or parcel.—*Cullum v. Erwin*, 4 Ala. 452; *P. & M. Bank v. Dundas*, 10 Ala. 661; *Mobile Marine Dock & Mut. Ins. Co. v. Huder*, 35 Ala. 713. This is an equity of the several purchasers, and must be claimed and asserted by them. If not claimed and asserted, it is not obligatory upon the court, unless the rights of infants, or others not *sui juris* are involved, to mould its decrees so that the equity

[Prickett & Maddox v. Sibert, Adm'r.]

will be enforced. It may be, the court should have ordered a sale of the lands devised, which are in possession of the devisee, in satisfaction of the decree, before resort was had to the lands which had been sold, or with which the deceased vendee had parted in his life. But this was not claimed by the answers, nor was it otherwise asserted or drawn to the attention and consideration of the court. The answer of an adult defendant must put in issue all the facts upon which he relies in bar of the relief claimed, and of evidence outside of, or extrinsic to the issues, the court will not take notice, and can not make it the basis of a decree.

4. The release by Ward of the lien on a part of the lands is not a fact upon which any of the parties relied in the court of chancery, as a *pro tanto* exoneration of the lands claimed by them ; and its effect can not now be inquired into, without the risk of injustice to him. The practice is well settled, that questions, not jurisdictional, which are not made in the primary court, will not be considered in an appellate court.—1 Brick. Dig. 776, § 31. See *Watts v. Burnett*, 36 Ala. 340.

5. The judgment at law against the vendee on the note is conclusive of the rights of the parties—conclusive that, at the time of its rendition, the amount for which it was rendered was justly due from the defendant to the plaintiff.—*Bobe v. Stickney*, 36 Ala. 482. An unqualified transfer or assignment of the judgment would in equity have operated as a transfer of the lien on the land, and the assignee could have subjected the land to the payment of the judgment.—*Griffin v. Camack*, 36 Ala. 695 ; *Kelly v. Payne*, 18 Ala. 371. The note was merged, its existence was lost in the judgment, which, for most purposes, became the only, as it is the final and conclusive, evidence of the debt.—*Cook v. Parham*, 63 Ala. 456. Judgments, like other debts, if payment of them is forborne or delayed, bear interest.—*Ijams v. Rice*, 17 Ala. 404. The chancellor did not err in accepting the judgment as the evidence of the debt, and in the computation of interest upon the principal sum for which it was rendered, instead of going behind it, re-opening it, and computing interest upon the note.

We have examined the assignments of error, without finding any cause of reversal, and the decree must be affirmed.