# Thorington *v.* City Council of Montgomery.

*Bill in Equity to enjoin Sale of Land for Taxes under Chancery Decree.*

1. *Sale of land for unpaid taxes; effect on lien for prior taxes.*—Author-
ities cited on the proposition, which is not decided, that where a muni-
cipal corporation, having obtained a decree in chancery for the sale of
several lots for unpaid taxes, afterwards sells some of them under a
summary execution for subsequent taxes unpaid, the purchase being
*bona fide* and for the benefit of the purchaser alone, such sale cuts off
and destroys, as to the lots so sold, the older lien for the prior unpaid
taxes.

2. *Legal and equitable remedies of purchaser at tax-sale.*—Under the
provisions of the act "to regulate the sale of real estate for unpaid
municipal taxes in the city of Montgomery" (Sess. Acts 1884-5, pp.
767-71, § 12), the certificate to the purchaser confers on him a legal title
and right of entry, on which he may recover the possession by action

[Thorington v. City Council of Montgomery.]

at law; and not having taken or recovered possession, he can not maintain a bill in equity, in the nature of a bill to remove or prevent a cloud on the title, to enjoin a sale under a prior chancery decree declaring and enforcing a lien for prior unpaid taxes.

3. *Same; marshalling assets or securities.*—Six separate lots having been declared subject to a lien for unpaid taxes assessed against them, under a bill filed by a municipal corporation, and ordered to be sold in satisfaction of the decree; after which, three of the lots were sold under a summary execution, for taxes subsequently assessed and remaining unpaid; *held*, on bill filed by the purchaser, that he was entitled to have the other three lots first sold in satisfaction of the decree, no other equities intervening.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 25th January, 1886, by Mrs. Sallie G. Thorington, against the corporate authorities of the city of Montgomery, and sought to enjoin and restrain the sale of three city lots under a decree in chancery declaring and enforcing a lien in favor of the city for unpaid taxes assessed against them and other lots as the property of Mrs. Mary E. Winter; and the general prayer, for other and further relief, was added. After answer filed, in which was incorporated a demurrer, the chancellor dissolved the injunction, on motion, and dismissed the bill for want of equity; and his decree is now assigned as error. The opinion states the material facts.

ARRINGTON & GRAHAM, and WATTS & SON, for appellant. (1.) The complainant has the right to require the sale of the other lots embraced in the decree of August 4th, 1884, before the lots purchased by her at the tax-sale shall be sold.—*Gusdorf v. Ikelheimer,* 75 Ala. 148; 3 Brick. Digest, 354. (2.) If the defendant is permitted to sell the lands purchased by complainant, the sale will be a cloud upon her title, and she will be without remedy to test the validity of the purchaser's title.—*Rea v. Longstreet,* 54 Ala. 291; *Lockett v. Hurt,* 57 Ala. 198. (3.) When lands are properly sold and conveyed for delinquent taxes, imposed on the lands themselves, the purchaser at the sale acquires the fee. *Jones v. Randle,* 68 Ala. 258. (4)) A sale of lands for taxes frees them in the hands of the purchaser from any and all liens for delinquent taxes for prior years.—2 Desty on Taxation, 849; *Preston v. Van Gorder,* 31 Iowa, 250; *Bowman v. Eckstein,* 46 Iowa, 585; *Bowman v. Thompson,* 36 Iowa, 505; *Dennison v. Keokuk City,* 45 Iowa, 268; *Shoemaker v. Lacey,* 38 Iowa, 277; *Irwin v. Trego,* 22 Penn. St. 368; *Huzzard v. Trego,* 35 Penn. St. 9; *Parker v. Baxter,* 2 Gray, 185; *Jarvis v. Peck,* 19 Wisc. 74; *Sayles v. Davis,* 22 Wisc. 225; Burr.

[Thorington v. City Council of Montgomery.]

Taxation, 347. In *Bowman v. Eckstein, supra*, it was held that, if the owner purchased the certificate of tax-sale, it was, in legal effect, "a redemption by the owner 'of the land from the tax-sale ;" but it was admitted that this would not be the case, "if a stranger to the original title were now presenting his certificate and demanding a deed." In *Cowell v. Washburn*, 22 Cal. 520, it was held that a tax-sale did not destroy the lien for the unpaid taxes of prior years ; but the decision is placed on the ground, that the lien for prior taxes was expressly retained by the statute of California.—Burr. Taxation, 348.

J. M. FALKNER, and THOS. G. JONES, *contra*.—(1.) By her purchase at the tax-sale, and the certificate given to her by the city clerk, the complainant acquired a legal title, on which she could maintain an action of ejectment.—Sess. Acts 1884-5, p. 767, § 12. Having an adequate remedy at law, and being out of possession, she can not maintain a bill in equity to remove or prevent a cloud on her title.—*Plant v. Barclay*, 56 Ala. 561, and cased cited. (2.) Complainant purchased this property at a judicial sale, to which the doctrine of *caveat emptor* applies (*Worthington v. McRoberts*, 9 Ala. 297 ; *Caldwell v. King*, 25 Ala. 681) ; and she purchased *pendente lite*, which charged her with notice of the fact that the city was then seeking to subject the property to a former lien for delinquent taxes. (3.) The sale at which the complainant purchased, as the bill shows, was only for the unpaid taxes assessed and due for the year 1884; and this was expressly authorized by the provisions of the amended charter under which that sale was made.—Sess. Acts 1884-5, p. 494, § 15. There was great propriety, necessity even, that the power to make such sales should have been conferred ; since, as the record shows, the collection of the former taxes had been enjoined, and a suit to enforce their payment was then pending. There was no warranty of title, and no representation that no former taxes were due and unpaid ; and the purchaser necessarily bought subject to the prior lien for prior taxes. It is not analogous to the transfer of notes for purchase-money, where the first transferree acquires the first lien, without regard to the maturity of the note ; but rather to the transfer of a second mortgage which on its face recognizes the priority of the first. (4.) No case is made by the bill for postponing the sale of complainant's lots until after the others have been sold.—Pomeroy's Equity, vol. 3, p. 462, notes ; *Coker v. Shropshire*, 59 Ala. 542.

STONE, C. J. – It is claimed that two grounds for equitable relief, are shown in the present bill : *First*, that the City Council having sold the lots in controversy to Mrs. Thorington, for unpaid taxes of 1884, a second sale of the same property can not be made for unpaid taxes due the city, accruing and delinquent before the year 1884. *Second*, that inasmuch as, under the chancery decree (*Winter v. City Council*, 79 Ala. 481), six separate lots of ground were decreed to be sold, for taxes accruing between the years 1873 and 1882, inclusive, three of which lots only were sold to Mrs. Thorington for the taxes of 1884, thus leaving three lots undisposed of, sufficient in value to pay the unpaid taxes, the city should be required to first sell those three undisposed of lots, before resorting to the lots previously sold to Mrs. Thorington.

The case made by the bill is substantially as follows : Under a bill filed for the purpose by the City Council of Montgomery, against Mary E. Winter and others, the Chancery Court, in August, 1884, rendered a decree for taxes due before that year, from Mrs. Winter, on six several lots or parcels of land in the city, amounting to between four and five thousand dollars ; declared a lien on said lots for the payment of the same, and ordered their sale, if the amount of the decree was not paid as therein directed. On appeal, that decree was affirmed in this court, December 10, 1885. *Winter v. City Council*, 79 Ala. 481. In October, 1885, under the act approved February 17, 1885,—Sess. Acts 1884–85, p. 767—the City Recorder of Montgomery ordered certain of said lots to be sold for unpaid, delinquent taxes for the year 1884. On November 30, 1885, the clerk of said city council, after due advertisement, proceeded to sell three of said lots under said decree, and Mrs. Thorington became the purchaser, paying the amount of the taxes assessed against them for 1884, and all interest, charges, and costs, claimed in that proceeding. The clerk thereupon gave her certificates of purchase, as the statute requires.

The chancellor disposed of this case on the demurrer, and on the motion to dismiss for want of equity ; and we can only consider the questions in the same light. There is nothing before us to authorize us to inquire into the *bona fides* of Mrs. Thorington's purchase. In our decision, we must treat as true every sufficient averment of the bill.

It is contended for appellant, that the city, by the sale made to Mrs. Thorington in November, 1885, cut off and destroyed all liens and rights it held for taxes due and delinquent before 1884. If that purchase was *bona fide*, and alone in her interest, the following authorities sustain that.

[Thorington v. City Council of Montgomery.]

view : 2 Desty on Taxation, 849; Burroughs on Taxation, § 122; *Preston v. Van Gorder,* 31 Iowa, 250; *Bowman v. Thompson,* 36 *Ib.* 505 ; *Shoemaker v. Lacy,* 38 *Ib.* 277; *Same v. Same,* 45 *Ib.* 422; *Irwin v. Twiggs,* 22 Penn. St. 368; *Huzzard v. Trego,* 35 *Ib.* 9; *Jarvis v. Peck,* 19 Wis. 74; *Sayles v. Davis,* 22 *Ib.* 225. *E contra, Cowell v. Washburn,* 22 Cal. 520; *State v. Werner,* 10 Mo. Ap. 41; *Bowman v. Eckstein,* 46 Iowa, 583. For a full discussion of this subject, see Cooley on Taxation (2d ed.), 444–9, and *notes.* But it is not our intention to decide this question.

It was stated above, that the proceedings which led to the sale, and the sale to Mrs. Thorington, were had under the act approved February 17, 1885.—Sess. Acts 1884–85, p. 767. The 12th section of that act provides, "that the certificate to the purchaser, under this act, shall authorize the purchaser, or his assignee, to enter upon, or maintain ejectment for the possession of the premises sold, against the former owner, if the sale was made as required by the provisions of this act." The present bill, and the relief it prays, rest on the regularity and validity of that sale; and if not valid, the bill is without equity. If, therefore, the complainant denies that the sale was made according to the provisions of the act, she thereby admits she has no right to relief. The sale, then, being assumed to be regular, Mrs. Thorington was authorized to take possession of the property, or could maintain ejectment and recover possession. Hence, there was no obstacle in the way of her acquiring possession. It is settled in this State beyond further dispute, that to maintain a bill to remove or prevent a cloud on title, the complainant must be in the actual possession of the lands, and the bill, to be sufficient, must aver that fact.—*McLean v. Presley,* 56 Ala. 211; *Baines v. Barnes,* 64 Ala. 375; 3 Brick. Dig. 358, § 375. There is no averment in the present bill that the complainant was in possession, and it follows that, as a suit to prevent a cloud on title, it is without equity.

The same decree in chancery which condemned to sale the three lots in controversy, also ordered the sale of the other three lots, in payment of the gross sum of unpaid taxes the decree ascertained to be due. The present case is, therefore, not one in which the defense can be urged, that the marshalling of securities prayed for will entail undue delay and expense in the application of the remedy. We think, on the uncontroverted averments of the bill, it was the right of the complainant to have the lots she set up no claim to first sold, in payment of the chancery decree. *Gusdorf v. Ikelheimer,* 75 Ala. 148; *Cochran v. Miller,* 74 Ala.

[Gindrat v. Montgomery Gas-Light Co.]

50; *Turner v. Flinn*, 67 Ala. 529; 1 Sto. Eq. Jur., § 633. and notes; Lead. Cas. in Eq. (4th Amer. ed.) vol. 2, part 1, pp. 260–2; 3 Perry Eq. Jur., § 1414. Counter equities may exist which will change this rule, but we can not now consider them.—*Prickett v. Sibert*, 75 Ala. 315; *Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32.

As a bill to marshall the effects or assets, it contains equity, and the chancellor erred in dismissing it. Neither should the injunction have been dissolved at that stage of the case.

The decree of the chancellor is reversed, the injunction reinstated, and the cause remanded.

Reversed and remanded.

CLOPTON, J., not sitting.