# Thorington *v.* City Council of Montgomery.

*Bill in Equity by Purchaser of Lands at Tax Sale, for Injunction against Sale for Prior Taxes.*

1. *Answer as evidence; hearing on bill and answer.*—When an answer on oath is waived, the answer is entitled to no more weight as evidence than the bill, and averments not responsive to any allegation of the bill can not be considered, when the cause is submitted for hearing on bill and answer only (Code, §§ 3424, 3445); but its admissions are conclusive evidence against the respondent.

2. *Sale of lands for taxes; effect on lien for prior unpaid taxes.*—A sale of land for unpaid taxes destroys the lien for prior unpaid taxes, of which no notice was given at the sale, and confers a clear title on the purchaser, if he bought in good faith, for his own benefit, and with his own money, and not by fraud or collusion with the delinquent tax-payer; but, if the lands are redeemed by the delinquent, they again become subject to the lien for prior taxes.

3. *Burden of proof as to payment of purchase-money.*—When a conveyance is assailed by creditors as fraudulent, the *onus* is on the grantee to prove the consideration paid by him; and if the grantor and grantee are near relatives, fuller proof is required than if they were strangers. But this principle can not be applied to a sale of land for unpaid taxes, where the purchaser is the daughter of the delinquent tax-payer, and the purchase is made in her name through the agency of her father, so as to require her to prove the *bona fides* of the transaction, and the payment of the money with her own funds, as against an asserted lien for prior unpaid taxes.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 25th January, 1886, by Mrs. Sallie G. Thorington, against the corporate authorities of the city of Montgomery; and sought to enjoin a threatened sale by the register in chancery of three city lots in Montgomery, under a decree in chancery declaring and enforcing a lien in favor of the city, on said lots and others, as the property of Mrs. Mary E. Winter, for unpaid taxes. According to the allegations of the bill, with accompanying exhibits, the complainant became the purchaser of the three lots claimed by her, at a sale made on the 23d November, 1885, under a decree rendered by Recorder Graham, for the unpaid taxes assessed against the property for the year 1884; paid the price bid, the aggregate of the taxes so assessed, and received a certificate as purchaser from the clerk of the

[Thorington v. City Council of Montgomery.]

City Council. The decree in chancery, under which the lots were again advertised for sale by the register, was rendered by this court on appeal, on the 10th December, 1885, affirming a decree of the Chancery Court of Montgomery, rendered on the 15th August, 1884, under a bill filed in the name of the City Council, on the 22d February, 1882, against Mrs. Mary E. Winter and her husband, Joseph S. Winter, to enforce a lien on the property for unpaid city taxes during the years 1873-81, inclusive; which case was pending in this court, on appeal and *supersedeas*, when the sale was made at which the complainant became the purchaser.—See the case reported (*Winter v. City Council of Montgomery*) in 79 Ala. 481-94; also, the former decision in this case, on appeal from the decree of the chancellor dismissing the bill, on demurrer and motion, for want of equity, 82 Ala. 591-6. After the reversal and remandment on the former appeal, the cause being submitted for hearing on bill and answer, with exhibits, the chancellor dissolved the injunction, and dismissed the bill; and his decree is now assigned as error.

J. S. WINTER, with ARRINGTON & GRAHAM, for appellant. (1.) As said by this court on the former appeal, "The following authorities sustain the view," for which appellant has always contended, "that the sale for taxes, made by the city in November, 1885, cut off and destroyed all liens and rights it held for taxes due and delinquent before 1884." 2 Desty on Taxation, 849; Burroughs on Taxation, sec. 122; *Preston v. Van Gorder*, 31 Iowa, 250; *Bowman v. Thompson*, 36 Iowa, 505; *Shoemaker v. Lacy*, 38 Iowa, 277; s. c., 45 Iowa, 422; *Irwin v. Twiggs*, 22 Penn. St. 368; *Hazzard v. Trego*, 35 Penn. St. 9; *Jarvis v. Peck*, 19 Wisc. 74; *Sayles v. Davis*, 22 Wisc. 225. The cases cited by the court *e contra* depended upon the peculiar wording of the statutes involved. There is no hardship in this rule, since notice may always be given of the lien for prior taxes. (2.) The case now comes back on the same facts as before, and the same principle must govern. Neither party took any testimony, and the hearing was on bill and answer only.—Code, § 3445; Green. Ev. §§ 74, 80. Fraud will not be imputed when the facts may consist with pure intentions.—*Steele v. Kinkle*, 3 Ala. 358; *Smith v. Br. Bank*, 21 Ala. 125; *Insurance & Trust Co. v. Pettway*, 24 Ala. 544. As said on the former appeal, "There is nothing before us to authorize us

[Thorington v. City Council of Montgomery.]

to inquire into the *bona fides* of Mrs. Thorington's purchase;" and it may be added, there is nothing in the record to show that the complainant is the daughter of Mrs. Mary E. Winter.

W. A. GUNTER, and JONES & FALKNER, *contra.*—(1.) The prior taxes, for which a decree had been recovered by the defendant, could not be embraced in the decree under which the land was sold, because it had been superseded by appeal to this court, and could not be enforced while the *supersedeas* was of force. Being thus suspended by law, if they had lost their lien, in effect they stood as subsequent taxes; and the complainant must be held to have purchased with knowledge of these facts. The Iowa cases, cited for complainant, were decided under a statute which required a sale to embrace all prior assessments, and can not apply here.—*State v. Werner*, 10 Mo. 41; *Cornell v. Washburn*, 22 Cal. 520. (2.) The bill shows that the claim or indebtedness for the older taxes was prior to her alleged purchase, and alleges that she paid the purchase-money bid at the sale. The answer denies this allegation, and alleges that the purchase was fraudulent.—*Zelnicker v. Brigham*, 74 Ala. 598; *Buchanan v. Buchanan*, 72 Ala. 55; *Lipscomb v. McClellan*, 72 Ala. 151; *Gordon v. Tweedy*, 71 Ala. 202; *Harrell v. Mitchell*, 61 Ala. 270; *Hubbard v. Allen*, 59 Ala. 283.

STONE, C. J.—This case was before us at a former term, 82 Ala. 591. We then held the bill contained equity. We ruled further, that Mrs. Thorington, the purchaser of three of six lots at the tax sale of 1885, was entitled, no other equities intervening, to have the three lots not sold at the former sale, first sold under the decree for the older taxes, before resorting to the lots purchased by her. The case had been decided in the court below on motion to dissolve the injunction for want of equity; and our ruling was based alone on the case made by the bill.

When the case returned to the court below, it was submitted for final decree on the bill, the answer, and the exhibit to each, without other testimony. The chancellor dismissed the bill, holding that complainant had not made a case for relief.

The substance of the case made by the bill will be found in the report on the former hearing, 82 Ala. 591, and need not be here repeated. The bill remains as it was originally

framed. Sworn answer was waived under the statute, and the answer was filed without oath. It "is entitled to no more weight as evidence than the bill."—Code, § 3424. Its admissions, however, are evidence against defendant; conclusive evidence, for it is not permissible to disprove them. *McGehee v. Lehman,* 65 Ala. 316; *Latham v. Staples,* 46 Ala. 402. Paragraph 6 of the answer contains this language: "Respondent admits, that it levied a tax for the year 1885 (1884) as stated in the 6th paragraph of the bill, and that the assessment was made against the property therein mentioned, as the property of Mary E. Winter; and that the said Mary E. Winter having failed to pay said tax, decrees were rendered by the Hon. E. A. Graham, Recorder of the city of Montgomery, as stated in said paragraph; and that said property was advertised for sale, and offered for sale, as stated in said paragraph; and that the same was bid off in the name of complainant at the sale thereof; and that a certificate of purchase was given in the name of the complainant, by the clerk of the City Council, for each piece of property so advertised and sold. But respondent avers that complainant did not in fact purchase said property, and was not present at said sale; but that said property was bid off by Joseph S. Winter, the husband of Mary E. Winter and the father of complainant; and that said Joseph S. Winter paid the amount so bid for each piece of property, and, at his request, the clerk of the City Council gave the certificates of purchase in the name of complainant, but delivered the same to Joseph S. Winter. And respondent denies that complainant furnished any money, directly or indirectly, or incurred any liability to any person, for the money so used, but avers that complainant only permitted the use of her name by her father, Joseph S. Winter, in the said transaction."

The certificates of purchase, given by the clerk, state that "at said sale Mrs. Sallie G. Thornington bid off, and became the purchaser of said property, at and for the sum of $—— dollars, being the amount of said decree, and the interest thereon to date; which said amount the said Sallie G. Thorington has this day paid to me."

We have said above that this case was heard on the pleadings and exhibits, without further testimony. It is contended before us, and the chancellor so ruled, that the burden of proof was on the complainant, Mrs. Thorington, to prove that the purchase at tax sale in her name, made in November, 1885, was with money furnished by her, and not with money

[Thorington v. City Council of Montgomery.]

furnished by Mary E., the tax-payer, or by Joseph S. Winter, her husband and trustee. As part and parcel of this contention it is claimed, that Mrs. Thorington, when the purchase was made, was not present; that the bidding was by her father, Joseph S. Winter, and the money paid by him; that her name was simply permitted to be used as a means of defrauding the City Council of its rightful dues; that she, Mrs. Thorington, knew of the pending proceedings to subject the lots to the payment of anterior taxes, and that all this was done to screen the property from such payment, and for the benefit of Mrs. Mary E. Winter. If these facts exist, they are shown only by the unsworn answer of the City Council, and in that part of it which is not responsive to any averment of the bill. Such averments are not evidence, even if sworn to.—*Barton v. Barton*, 75 Ala. 400. Much less is such averment proved, under our statute, which declares that, when sworn answer. is dispensed with, the answer ceases to be evidence.

But, if it be conceded that Mrs. Thorington is the daughter of Joseph S. and Mary E. Winter, that the father made the bids, and handed in the money, this alone, while it may require less strictness of proof to establish the fraud, than if strangers were the parties, is not enough to stamp the transaction as fraudulent, or to shift the burden on Mrs. Thorington to show the money used in the purchase was her money. The sale was a public one to the highest bidder, made in obedience to a judicial decree ordering the lots to be sold for unpaid taxes, and the public was invited to bid. It is not unusual for female purchasers at such sales to be represented by an agent. The clerk making the sale, in his certificate of the fact, recognized Mrs. Thorington as the purchaser, as having paid the purchase-money, and he so certified. This case is wholly unlike the transactions, frequently brought before us, where failing debtors, on a recited valuable consideration, convey their property to others—often to near relations. When such conveyances are assailed by creditors as fraudulent, the burden is on the transferree to prove the consideration on which he alleges he became the purchaser; and if the transferree be a near relation, fuller and more satisfactory proof is required, than when strangers are the contracting parties.—*Hubbard v. Allen*, 59 Ala. 283; *Hamilton v. Blackwell*, 60 Ala. 545; *Harrell v. Mitchell*, 61 Ala. 270; *Gordon v. Tweedy*, 71 Ala. 202; *Buchanan v. Buchanan*, 72 Ala. 55; *Lipscomb v. McClellan*, *Ib.* 151; *Zelnicker v. Brigham*, 74 Ala. 598.

[Thorington v. City Council of Montgomery.]

It is contended before us, that the manifest facts of this case raise the presumption, or implication, that the sale and conveyance to Mrs. Thorington was not intended for her benefit, but for that of the tax-payer, and that the burden was thus cast on the complainant of proving that the purchase was by her, and for her benefit. However unusual it may appear that the owner of valuable property will consent to lose or forfeit it absolutely by the non-payment of its city taxes for a single year, and by making no effort to redeem it from such sale; still, as matter of law, and in the absence of all proof of fraud or collusion, we can not pronounce such sale to be a nullity. The burden was on the City Council to prove, either that the money was in effect furnished by the tax-payer, or her husband, or that there was collusion, or secret trust for her benefit. The measure of proof must be graduated by the kinship of the parties, if shown to exist. We say, "by making no effort to redeem" from tax sale; for, if the land were redeemed, it would again become liable for the taxes, and Mrs. Thorington would cease to have such interest as would maintain her suit.

Under the decree of the Recorder, the three lots claimed by complainant were sold by the City Council to her in payment of city taxes accruing in 1884. It is not claimed that the sale was made with any reservation of unpaid taxes, for preceding years, or that any notice was given of such unpaid taxes. A sale of land for taxes, under our statutes as they then stood, is a sale of the fee, and not of the tax-payer's interest only. It is thus that a failure to pay taxes by a termor, or life-tenant, or by some one for him, may result in the loss of the entire estate. The tax assessed is a charge and lien on the land itself, as well as a legal liability resting on the tax-payer.—*Jones v. Randle*, 68 Ala. 258; *Parker v. Baxter*, 2 Gray, 185; *Winter v. City Council*, 79 Ala. 281. The statute has been since changed.—Code of 1886, § 592. After thus selling to Mrs. Thorington, receiving the purchase-money, and giving her a certificate of purchase, can the City Council again sell the same lot away from her, for taxes due to it, which are older in accrual and assessment, than the taxes for the payment of which the first sale was made? "The sale cuts off all liens created by the act of the owner, as a mortgage, or resulting from his liability as owner created by law, such as taxes for former years."—Burr. on Taxation, 347–8. "A sale of land for taxes frees it, in the hands of the purchaser, from any and all liens thereon for de-

[Thorington v. City Council of Montgomery.]

linquent taxes for prior years."—2 Desty Taxation, 849. "When the State sells land under a judgment, it can not defeat the purchaser's title by a re-sale of the land for taxes, which were due and might have been included in the judgment."—1 Blackwell Tax Titles, § 516. "It has abandoned such taxes." *Ib.*; *Ida Law v. People, ex rel.*, 116 Ill. 244; *Preston v. VanGorder*, 31 Iowa, 250; *Bowman v. Thompson*, 36 *Ib.* 505; *Shoemaker v. Lacey*, 38 *Ib.* 277; *Same v. Same*, 45 *Ib.* 222; *Jarvis v. Peck*, 19 Wis. 74; *Sayles v. Davis*, 22 Wis. 225.

The principle stated above does not depend solely on the right to include the older assessed taxes in the judgment or decree for the enforcement of the later assessment. It is based on a broader principle. It would be inequitable and unconscionable in the taxing power to receive the money of a purchaser of property, sold without notice of other claims, and apply it to the payment of later assessed taxes, and then re-seize the property and sell it away from the purchaser, in payment of the older assessment. If the true owner of property, real or personal, stands silently by, and knowingly permits another to dispose of such property as his own, and to receive the consideration money, such owner will thereby estop himself from afterwards claiming the property, although his title may be otherwise perfect.—*McPherson v. Walters*, 16 Ala. 714; *Stone v. Britton*, 22 Ala. 543; 3 Brick. Dig. 448, §§ 30, 31, 37. For a stronger reason, if possible, the City Council estopped itself by the implications of the sale of 1885, and the silence with which it was conducted, from afterwards asserting it had an older unsatisfied lien on the same property, against one who had purchased in good faith.

We confine what we have said to the case made by the record before us. If it had been shown that the money with which the lots were purchased was not in fact, or legal effect, the money of Mrs. Thorington, being used for her benefit, or that there was collusion, or secret trust, as implied in the case set up in the answer, the beneficial ownership still remaining in the tax-payer, then the doctrine of estoppel would not apply. The law regards the substance, not the semblance of things.

Reversed and remanded.

CLOPTON, J. not sitting.

[Winter v. Elmore.]

STONE, C. J. [Jan. 22, 1890]—In response to appellant's application for a rehearing, we have made some modifications in the body of the opinion, but decline to grant the prayer of the application.