## LINDSAY *vs.* GRIFFIN.

1. The master is not responsible in trespass for injuries to stock committed by his slaves, under the direction of his overseer, of which the master was ignorant, and which he neither authorized nor directed.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. EZEKIEL PICKENS.

This was an action of TRESPASS *vi et armis*, brought by Griffin against Lindsay.

There was evidence on the trial conducing to show, that the hogs of plaintiff, for injury to which the action was brought, were some of them killed, and others badly injured by the slaves of the defendant; that the defendant had at the time an overseer; that the overseer directed the slaves to put the hogs of plaintiff, which were in the field of defendant, out of the field, and that in doing this the slaves had killed some and injured others of them; that the defendant did not know of this, and did not authorize or direct it.

On this evidence, the defendant requested the court to charge:

That if the hogs of plaintiff, which were killed or injured, were killed or injured by the slaves of defendant, under the direction of defendant's overseer to the slaves to put the hogs out of the field, and if defendant did not know of or authorize this direction of the overseer, nor the killing or injuring of the hogs, then the jury must find for the defendant. This the court refused.

The court charged the jury:

That if the hogs of plaintiff were killed or injured by the slaves of the defendant, and the slaves at the time were acting under the direction of defendant's overseer, then defendant would be liable, although he did not know of, or authorize, or consent to the direction of the overseer to the slaves.

The charge given and the refusal to charge as requested are assigned for error.

RICE & MORGAN, for plaintiff in error.

WYCHE & NICKS, *contra*.

PHELAN, J.—The action is trespass *vi et armis*.

It is a well settled principle, that in the action of trespass, which is an action for the redress of injuries proceeding from unlawful force, in which force and injury are the gist of the action, those persons only are answerable, by whom, or under whose direction, or with whose approbation, the unlawful force is applied. According to this principle, a master is not liable in trespass *vi et armis* for injuries done by his servant, which are wilful on the part of the servant, and of which the master is ignorant, although done in the course of the master's business. If injuries are done by the servant in the course of the master's business, which result from negligence or want of proper care or skill on the part of the servant, the master will be liable, it is true, but only in an action on the case; for there the gist of the action is the negligence of the servant, and for that the master is lawfully liable, although not for the wilful torts of his servant. The master is responsible for the manner, as to care and skill, with which his servants execute his business; and hence it is his duty to employ none but such as are careful and competent in their particular calling; but for the unlawful purposes outside of his service, and the acts proceeding from such purposes on the part of his servants, if he does not know of, or in any manner participate in them, he is not responsible. We come back to the principle, that no man can be sued in trespass *vi et armis*, but for an injury which is the immediate result of some unlawful force, and that unlawful force exerted either by himself, or those who acted by his command, or at least with his consent. Blackburn v. Baker, 1 Ala. 173; 1 Smith's Leading Cases, 219, b.

In view of the evidence in the case, and the foregoing principles, it is manifest that the court erred, both in the charge given, and the refusal to charge as requested by defendant below.

Let the judgment be reversed, and the cause remanded.